O’NIELL, J.
The defendants were convicted of violating three municipal ordinances relating to gambling. They were prosecuted separately, but the cases were consolidated for the purpose of the appeal to this court. The defendants first excepted to the three charges being embodied in one affidavit, but have now agreed that the case should be regarded as if there were three separate affi *917 davits, one for each of the three offenses charged. The accusations were:
First. That the accused obtained their living by gambling, and were therefore guilty ■of the offense of vagrancy denounced and prohibited by an ordinance defining vagrancy as the living or obtaining of one’s living by gambling.
Second. That the accused kept and conducted a gambling house, where gambling with cards was habitually carried on as their business and for their profit and gain, and where people congregated for the purpose of gambling.
Third. That the accused solicited for, and acted as the agents of, one who obtained his living by gambling, and that they were therefore guilty of the offense of vagrancy denounced and prohibited by an ordinance defining vagrancy as the soliciting or acting as agent or runner for one who obtained his living by gambling.
The defendants moved to quash the affidavits on several grounds, the substance of them being that the municipality had no authority to enact the ordinances in question, especially as the Legislature has not declared gambling unlawful.
The learned counsel for the defendants suggested and conceded in his argument in this court that, if we hold valid the ordinance against conducting a gambling house, the other two ordinances, defining' and denouncing vagrancy, must also be held valid.
The motion to quash the affidavit charging the offense of conducting a gambling house was submitted for decision and decided against the defendants on a statement of facts, in which it was admitted that the defendants had kept a room in which they conducted as their business and for their profit, card games, such as stud poker and seven-up, where men congregated and gambled habitually, day and night, and the accused, as proprietors of the house, collected “a rake-off or per cent, of each pot,” and that the establishment was therefore declared a nuisance by the municipal ordinance.
[1, 2] The only question presented for decision, therefore, is whether the municipality had authority to enact an ordinance to suppress gambling houses as a public nuisance and to punish any person found guilty of conducting such an establishment.
The charter of the town of Marksville, as amended by Act No. 82 of 1855, p. 69, authorizes the municipality to suppress disorderly houses, to remove nuisances, to tax all kinds of games that are not expressly prohibited by the laws of the state, and, generally, to exercise ali of the powers that are prescribed by law for the government of municipal corporations. The argument of the defendants is that, as gambling with cards is not prohibited by the laws of the state, the town of Marksville cannot prohibit but can only tax such games. In support of that contention, the defendants’ attorney cites and relies upon the decision in Town of Marksville v. Worthy, 123 La. 432, 49 South. 11, 131 Am. St. Rep. 353. That decision, however, as far as it goes, is unfavorable to the defendants’ contention. The ruling was that an ordinance of the town was invalid in so far as it attempted to prohibit gambling with cards in a private room. But, from the expression in the opinion, “It is not pretended that the defendants were keeping a gambling house,” the inference is that their conviction would have been affirmed if the defendants had been found guilty of keeping a gambling house.
The argument that, because it is not unlawful to gamble with cards in a private place, therefore it cannot be unlawful to keep a gambling house is quite unreasonable. Gambling houses are public nuisances which any municipality has authority to suppress, under its general police power.
[3] Although obtaining a livelihood by *919 gambling is not vagrancy or vagabondage at common law, it may be declared vagrancy and denounced as such by statute or municipal ordinance. Our opinion is that the ordinances defining and denouncing as vagrancy the earning of a livelihood by gambling, and soliciting business for a professional gambler, are, like the ordinance against keeping a gambling house, legitimate exercises of the general police power of a municipal corporation, notwithstanding gambling with cards in a private place is not unlawful.
The judgment appealed from is affirmed.